RCC

FILED
FEBRUARY 8, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 858

JUDGE ST. EVE
MAGISTRATE JUDGE NOLAN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS CAMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. |
| | ) | |
| CITY OF CHICAGO, and UNKNOWN | ) | |
| CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES the Plaintiff, CURTIS CAMP, by and through his attorney, BASILEIOS J. FOUTRIS, and complaining against the Defendants, CITY OF CHICAGO and UNKNOWN CHICAGO POLICE OFFICERS, states as follows:

**Nature of Action**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on July 4, 2007 by the Defendants.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

4. The City of Chicago is a municipal corporation located in the State of Illinois in this Judicial District.  At all relevant times, the City of Chicago was the

1

employer of Defendants, Unknown Chicago Police Officers. The Defendants, Unknown Chicago Police Officers ("Defendant Officers" hereafter), were at all relevant times employed by the City of Chicago as duly appointed police officers in the City of Chicago acting within the course and scope of their employment and under color of law.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On July 4, 2007, the Plaintiff was arrested in Chicago, Illinois by police officers employed by the City of Chicago. He was arrested by the Defendant Officers.

7. The Plaintiff posed no threat of danger to the Defendant Officers at any time before, during, or after his arrest. The Plaintiff did not resist or obstruct the Defendant Officers' acts at any time before, during, or after his arrest.

8. At the time of his arrest, without warning or provocation, the Plaintiff was beaten by the Defendant Officers.

9. The Plaintiff suffered bodily harm due to the manner in which he was treated by the Defendant Officers. In fact, the Plaintiff sustained injuries which have necessitated medical treatment due to the Defendant Officers' actions.

10. Immediately before he was beaten, the Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was beaten, he was not violating any laws, rules or ordinances. There was no probable cause or legal justification to use force to subdue the Plaintiff during his arrest. There was no probable cause or legal justification to handle the Plaintiff in a manner that caused injuries to the Plaintiff.

11. On July 4, 2007, the Plaintiff was arrested by the Defendant Officers without a warrant, without provocation, and without legal justification. There was no probable cause or legal justification to arrest the Plaintiff. The Defendant Officers thereafter commenced criminal proceedings against the Plaintiff. There was no probable cause or legal justification to commence criminal proceedings against the Plaintiff. The criminal proceedings against the Plaintiff were subsequently dismissed in a manner indicative of innocence.

12. The Defendant Officers' acts were intentional, willful and wanton.

## COUNT I- 42 U.S.C. §1983
### Excessive Force- Unknown Chicago Police Officers

13. The Plaintiff realleges Paragraphs 1 through 12, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 13.

14. As described above, the Defendant Officers used excessive force during the arrest of the Plaintiff.

15. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

16. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

17. As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, CURTIS CAMP, prays for judgment in his favor and against the Defendants, UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, attorney fees, costs, and punitive damages against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count II- Illinois State Law
### Battery- All Defendants

18. The Plaintiff realleges Paragraphs 1 through 17, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 18.

19. As described above, the Defendant Officers, employees of the City of Chicago, intended to cause, and did cause, harmful and offensive contact of the Plaintiff during the arrest of the Plaintiff.

20. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as City of Chicago Officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

21. Defendant City of Chicago is liable as principal for all torts committed by its agents.

22. As a direct and proximate result of the acts of the Defendant Officers, employees of the City of Chicago, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, CURTIS CAMP, prays for judgment in his favor and against the Defendants, CITY OF CHICAGO and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT III- 42 U.S.C. §1983
### False Arrest- Unknown Chicago Police Officers

23. The Plaintiff realleges Paragraphs 1 through 22, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 23.

24. As described in the preceding paragraphs the conduct of the Defendant Officers, acting under color of law, constituted an unlawful arrest of the Plaintiff in violation of the United States Constitution.

25. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

26. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

27. As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, CURTIS CAMP, prays for judgment in his favor and against the Defendants, UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, attorney fees, costs, and punitive damages against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count IV- Illinois State Law
### False Arrest/ False Imprisonment- All Defendants

28. The Plaintiff realleges Paragraphs 1 through 27, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 28.

29. As described above, the Defendant Officers arrested the Plaintiff without a warrant, without probable cause and without legal justification. Due to the arrest, the Plaintiff had his liberty to move about restrained by the Defendants.

30. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

31. Defendant City of Chicago is liable as principal for all torts committed by its agents.

32. As a direct and proximate result of the acts of the Defendant Officers, employees of the City of Chicago, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, CURTIS CAMP, prays for judgment in his favor and against the Defendants, CITY OF CHICAGO and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count V- Illinois State Law
### Malicious Prosecution- All Defendants

33. The Plaintiff realleges Paragraphs 1 through 32, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 33.

34. As described above, the Defendant Officers arrested and commenced criminal proceedings against the Plaintiff without probable cause or legal justification. The criminal proceedings were instituted with malice, and were ultimately dismissed in a manner indicative of innocence.

35. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

36. Defendant City of Chicago is liable as principal for all torts committed by its agents.

37. As a direct and proximate result of the acts of the Defendant Officers, employees of the City of Chicago, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, CURTIS CAMP, prays for judgment in his favor and against the Defendants, CITY OF CHICAGO and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages against the Defendants, as well as any other relief this Court deems just and appropriate.

**Count VI- Illinois State Law
Indemnification- City of Chicago**

38. The Plaintiff realleges Paragraphs 1 through 37, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 38.

39. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

40. At all relevant times the City of Chicago was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, CURTIS CAMP, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, CITY OF CHICAGO, in the amounts awarded to the Plaintiff against the individual Defendants, and for whatever additional relief this Court deems just and appropriate.

**JURY DEMAND**

The Plaintiff demands a trial by jury on all Counts.

                                                  Respectfully Submitted by,

                                                  s/Basileios J. Foutris
                                                  BASILEIOS J. FOUTRIS
                                                  Attorney for Plaintiff CURTIS CAMP
                                                  FOUTRIS LAW OFFICE, LTD.
                                                  53 W. Jackson, Suite 252
                                                  Chicago, IL 60604
                                                  312-212-1200

Basileios J. Foutris
FOUTRIS LAW OFFICE, LTD.
Attorney for Plaintiff CURTIS CAMP
53 West Jackson, Suite 252
Chicago, IL 60604
(312) 212-1200

8