IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS CAMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.    08 C 0858 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | |
| OFFICER GONZALEZ #12152, | ) | |
| CHICAGO POLICE OFFICER | ) | Judge St. Eve |
| BOLTON #15903, CHICAGO POLICE | ) | |
| OFFICER MOHAMMED #14122, and | ) | |
| CHICAGO POLICE OFFICER | ) | Magistrate Judge Nolan |
| LEWIS #16172, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**DEFENDANT CITY OF CHICAGO'S ANSWER AND
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, answers plaintiff's amended complaint as follows:

**Nature of Action**

1.      This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on July 4, 2007 by the Defendants.

ANSWER:     The City admits that plaintiff purports to bring this action pursuant to the laws of the United States Constitution, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress the alleged deprivations of plaintiff's civil rights.  The City further admits, upon information and belief, based on Chicago Police Department records, that on July 4, 2007, plaintiff was arrested by defendant officers Gonzalez and Bolton. The City denies that it deprived plaintiff of his civil rights.

The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

ANSWER: The City admits the allegations in this paragraph.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. The City of Chicago is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the City of Chicago was the employer of Defendants, Chicago Police Officer Gonzalez #12152, Chicago Police Officer Bolton #15903, Chicago Police Officer Mohammed #14122, and Chicago Police Officer Lewis #16172. The Defendants, Chicago Police Officer Gonzalez #12152, Chicago Police Officer Bolton #15903, Chicago Police Officer Mohammed #14122, and Chicago Police Officer Lewis #16172 ("Defendant Officers" hereafter), were at all relevant times employed by the City of Chicago as duly appointed police officers in the City of Chicago acting within the course and scope of their employment and under color of law.

ANSWER: The City admits that it is a municipal corporation located in the State of Illinois in this Judicial District. The City further admits that the defendant officers were, at all times relevant to this complaint, employees of the Chicago Police Department. The City further admits, upon information and belief, based on Chicago Police Department records, that the defendant officers were, at all times relevant to this complaint, acting under color of law and within the scope of their employment.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## Facts

6. On July 4, 2007, the Plaintiff was arrested in Chicago, Illinois by police officers employed by the City of Chicago. He was arrested by the Defendant Officers.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that plaintiff was arrested in Chicago, Illinois, on July 4, 2007, by police officers employed by the Chicago Police Department. The City further admits, upon information and belief, based on Chicago Police Department records, that on July 4, 2007, plaintiff was arrested by defendant officers Gonzalez and Bolton. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

7. The Plaintiff posed no threat of danger to the Defendant Officers at any time before, during, or after his arrest. The Plaintiff did not resist or obstruct the Defendant Officers' acts at any time before, during, or after his arrest.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City denies that the plaintiff did not resist or obstruct defendant officer Gonzalez's acts at any time before or during his arrest. The City further states, based on Chicago Police Department records, that on July 4, 2007, plaintiff was charged with resisting and/or obstructing a peace officer in violation of 720ILCS 5.0/31-1-A. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

8. At the time of his arrest, without warning or provocation, the Plaintiff was beaten by the Defendant Officers.

ANSWER: The City denies, upon information and belief, based on Chicago Police Department records, that plaintiff was "beaten" by the defendant officers. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

9. The Plaintiff suffered bodily harm due to the manner in which he was treated by the Defendant Officers. In fact, the Plaintiff sustained injuries which have necessitated medical treatment due to the Defendant Officers' actions.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that plaintiff was transported to Mercy Hospital on July 4, 2007, for treatment. The City further states, upon information and belief, based on Chicago Police Department records, that plaintiff was released from Mercy Hospital per attending physician Lloyd in good condition. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

10. Immediately before he was beaten, the Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was beaten, he was not violating any laws, rules or ordinances. There was no probable cause or legal justification to use force to subdue the Plaintiff during his arrest. There was no probable cause or legal justification to handle the Plaintiff in a manner that caused injuries to the Plaintiff.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. On July 4, 2007, the Plaintiff was arrested by the Defendant Officers without a warrant, without provocation, and without legal justification. There was no probable cause or legal

justification to arrest the Plaintiff.  The Defendant Officers thereafter commenced criminal proceedings against the Plaintiff.  There was no probable cause or legal justification to commence criminal proceedings against the Plaintiff.  The criminal proceedings against the Plaintiff were subsequently dismissed in a manner indicative of innocence.

ANSWER:    Upon information and belief, based on Chicago Police Department records, the City admits that plaintiff was arrested by defendant officers Gonzalez and Bolton on July 4, 2007, and that he was not arrested pursuant to a warrant.  The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

12.    The Defendant Officers' acts were intentional, willful and wanton.

ANSWER:    The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT I - 42 U.S.C. § 1983
### Excessive Force - Chicago Police Officers

The City is not a party-defendant in Count I; therefore, it answers the allegations in this count only insofar as they are incorporated in other counts against it.

13.    The Plaintiff realleges Paragraphs 1 through 12, inclusive, and incorporates those Paragraphs herein, as though fully stated in this Paragraph 13.

ANSWER:    The City re-alleges its answers to paragraphs 1 through 12 as if stated here.

14.    As described above, the Defendant Officers used excessive force during the arrest

of the Plaintiff.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that the defendant officers were, at all times relevant to this complaint, acting under color of law and within the scope of their employment. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

16. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT II - Illinois State Law
## Battery - All Defendants

18. The Plaintiff realleges Paragraphs 1 through 17, inclusive, and incorporates those paragraphs herein, as though fully stated as this Paragraph 18.

ANSWER: The City re-alleges its answers to paragraphs 1 through 17 as if stated here.

19. As described above, the Defendant Officers, employees of the City of Chicago, intended to cause, and did cause harmful and offensive contact of the Plaintiff during the arrest of the Plaintiff.

ANSWER: The City admits that the defendant officers were, at all times relevant to this complaint, employees of the Chicago Police Department. The City further admits, upon information and belief, based on Chicago Police Department documents, that defendant officers Gonzalez and Bolton arrested plaintiff. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

20. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as City of Chicago Officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that the defendant officers were, at all times relevant to this complaint, acting under color of law and within the scope of their employment. The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

21. Defendant City of Chicago is liable as principal for all torts committed by its

agents.

ANSWER:   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22.   As a direct and proximate result of the acts of the Defendant Officers, employees of the City of Chicago, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

ANSWER:   The City admits that the defendant officers were, at all times relevant to this complaint, employees of the Chicago Police Department.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### COUNT III - 42 U.S.C. § 1983
### False Arrest - Chicago Police Officers

The City is not a party-defendant in Count III; therefore, it answers the allegations in this count only insofar as they are incorporated in other counts against it.

23.   The Plaintiff realleges Paragraphs 1 through 22, inclusive, and incorporates those Paragraphs herein, as though fully stated in this Paragraphs 23.

ANSWER:   The City re-alleges its answers to paragraphs 1 through 22 as if stated here.

24.   As described in the preceding paragraph the conduct of the Defendant Officers, acting under color of law, constituted an unlawful arrest of the Plaintiff in violation of the United

States Constitution.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that the defendant officers were, at all times relevant to this complaint, acting under color of law. The City further admits, upon information and belief, based on Chicago Police Department documents, that defendant officers Gonzalez and Bolton arrested plaintiff. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

25. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that the defendant officers were, at all times relevant to this complaint, acting within the scope of their employment. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

26. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27. As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### COUNT IV - Illinois State Law
### False Arrest/False Imprisonment - All Defendants

28. The Plaintiff realleges Paragraphs 1 through 27, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 28.

ANSWER: The City re-alleges its answers to paragraphs 1 through 27 as if stated here.

29. As described above, the Defendant Officers arrested the Plaintiff without a warrant, without probable cause and without legal justification. Due to the arrest, the Plaintiff had his liberty to move about restrained by the Defendants.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that plaintiff was arrested by defendant officers Gonzalez and Bolton on July 4, 2007, and that he was not arrested pursuant to a warrant. The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

30. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that the defendant officers were, at all times relevant to this complaint, acting under color of law and within the scope of their employment. The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in this paragraph.

31. Defendant City of Chicago is liable as principal for all torts committed by its agents.

ANSWER: Plaintiff's allegation that the City "is liable as principal for all torts committed by its agents" is a vague, incomplete and/or incorrect statement of the nature of the City's liability under the doctrine of respondeat superior under Illinois law; therefore, the City denies this allegation.

32. As a direct and proximate result of the acts of the Defendant Officers, employees of the City of Chicago, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

ANSWER: The City admits that the defendant officers were, at all times relevant to this complaint, employees of the Chicago Police Department. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### COUNT V - Illinois State Law
### Malicious Prosecution - All Defendants

33. The Plaintiff realleges Paragraphs 1 through 32, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraphs 33.

ANSWER: The City re-alleges its answers to paragraphs 1 through 32 as if stated here.

34. As described above, the Defendant Officers arrested and commenced criminal proceedings against the Plaintiff without probable cause or legal justification. The criminal proceedings were instituted with malice, and were ultimately dismissed in a manner indicative of innocence.

ANSWER: Upon information and belief, based on Chicago Police Department records, the

City admits that plaintiff was arrested by defendant officers Gonzalez and Bolton on July 4, 2007. The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

35. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

ANSWER: Upon information and belief, based on Chicago Police Department records, the City admits that the defendant officers were, at all times relevant to this complaint, acting under color of law and within the scope of their employment. The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

36. Defendant City of Chicago is liable as principal for all torts committed by its agents.

ANSWER: The City denies the allegations contained in this paragraph. The City further objects on the grounds that the allegation is an incorrect statement of the nature of the City's liability under the doctrine of respondeat superior under Illinois law.

37. As a direct and proximate result of the acts of the Defendant Officers, employees of the City of Chicago, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

ANSWER: The City lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in this paragraph. The City admits that the defendant officers were, at all times relevant to this complaint, employees of the Chicago Police Department.

### COUNT VI - Illinois State Law
### Indemnification - City of Chicago

38.     The Plaintiff realleges Paragraphs 1 through 37, inclusive, and incorporates those paragraphs herein, as though fully stated as this Paragraphs 38.

ANSWER:     The City re-alleges its answers to paragraphs 1 through 37 as if stated here.

39.     At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

ANSWER:     Upon information and belief, based on Chicago Police Department records, the City admits that the defendant officers were, at all times relevant to this complaint, acting within the scope of their employment and under color of law.

40.     At all relevant times the City of Chicago was the employer of the Defendant Officers.

ANSWER:     The City admits that the defendant officers were, at all times relevant to this complaint, employees of the Chicago Police Department.

Wherefore, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award the City such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**DEFENSES**

1. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment. 745 ILCS 10/9-102 (2006); see also Wright v. City of Danville, 174 Ill.2d 392 (1996).

2. The City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

3. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

4. The City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

5. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102 (2006).

6. As to plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979)(citations omitted).

7. To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that

plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

8.To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

## JURY DEMAND

The City requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
City of Chicago,

April 1, 2008By:*/s/ Bhairav Radia*
Bhairav Radia
Ashley Kosztya
Assistants Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-6919/6922

**CERTIFICATE OF SERVICE**

      I certify that I caused to be served a true copy of **Defendant City of Chicago's Answer and Defenses to Plaintiff's Amended Complaint** on the following counsels of record through the United States District Court for the Northern District of Illinois, Eastern Division's electronic case filing system, on April 1, 2008.

To:    Basileios John Foutris
           Foutris Law Office, Ltd.
           53 West Jackson Blvd., Suite 252
           Chicago, Illinois  60604


                                                */s/ Bhairav Radia*
                                                Bhairav Radia
                                                Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-6919