IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS CAMP, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 858 |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | |
| OFFICER GONZALEZ #12152, | ) | |
| CHICAGO POLICE OFFICER | ) | Judge St. Eve |
| BOLTON #15903, CHICAGO POLICE | ) | |
| OFFICER MOHAMMED #14122, and | ) | Magistrate Judge Nolan |
| CHICAGO POLICE OFFICER | ) | |
| LEWIS #16172, | ) | JURY TRIAL DEMANDED |
| | ) | |
|       Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

To:    Basileios Foutris
         Foutris Law Office
         53 W. Jackson, Suite 252
         Chicago, Illinois 60604

        **PLEASE TAKE NOTICE** that on June 11, 2008, I have caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT GONZALEZ, BOLTON, MOHAMMED, AND LEWIS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT,** copies of which are herewith served upon you.

                                                Respectfully submitted,

                                                /s/ Gail Reich
                                                GAIL REICH
                                                Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-1975
(312) 744-6566 (Fax)
Atty. No. 06279564

## CERTIFICATE OF SERVICE

I, Gail Reich, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING and DEFENDANT GONZALEZ, BOLTON, MOHAMMED, AND LEWIS' ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to be sent via e-filing to the persons named in the foregoing Notice, "Filing Users" pursuant to Case Management/Electronic Case Files, on June 11, 2008, in accordance with the rules on electronic filing of documents.


/s/ Gail Reich
GAIL REICH
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-1975
(312) 744-6566 (Fax)
Atty. No. 06279564

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS CAMP, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 858 |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | |
| OFFICER GONZALEZ #12152, | ) | |
| CHICAGO POLICE OFFICER | ) | Judge St. Eve |
| BOLTON #15903, CHICAGO POLICE | ) | |
| OFFICER MOHAMMED #14122, and | ) | Magistrate Judge Nolan |
| CHICAGO POLICE OFFICER | ) | |
| LEWIS #16172, | ) | JURY TRIAL DEMANDED |
| | ) | |
|     Defendants. | ) | |

**INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT**

Defendant Officers, Robert Gonzalez ("Gonzalez"), Brian Bolton ("Bolton"), Kallat Mohammed ("Mohammed"), and LaMonica Lewis ("Lewis"), (collectively, "Defendant Officers"), by their attorney, Gail Reich, Assistant Corporation Counsel, hereby submit their Answer, Affirmative Defenses, and Jury Demand to Plaintiff's First Amended Complaint:

**Nature of Action**

1. This action is brought pursuant to the Laws of the United States, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested and on July 4, 2007 by the Defendants.

**ANSWER:** Defendants admit that plaintiff brings this action pursuant to the Laws of the United States, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois. Defendants further admit that plaintiff was arrested by Defendants Gonzalez

and Bolton on July 4, 2007. Defendants deny the remaining allegations contained in this paragraph and deny any wrongful or illegal conduct.

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

**ANSWER:** Defendant Officers admit that this Court has jurisdiction over this matter.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

**ANSWER:** Defendant Officers lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The CITY OF CHICAGO is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the City of Chicago was the employer of Defendants, CHICAGO POLICE OFFICER GONZALEZ #12152, CHICAGO POLICE OFFICER BOLTON #15903, CHICAGO POLICE OFFICER MOHAMMED #14122, and CHICAGO POLICE OFFICER LEWIS #16172. The Defendants, CHICAGO POLICE OFFICER GONZALEZ #12152, CHICAGO POLICE OFFICER BOLTON #15903, CHICAGO POLICE OFFICER MOHAMMED #14122, and CHICAGO POLICE OFFICER LEWIS #16172 ("Defendant Officers" hereafter) were at all relevant times employed by the City of Chicago and duly appointed police officers in the City of Chicago acting within the course and scope of their employment and under color of law.

**ANSWER:** Defendant Officers Gonzalez, Bolton, Mohammed, and Lewis admit that the City of Chicago is a municipal corporation located in the State of Illinois in this judicial district and that on the date alleged in this Complaint, they were employed by the City of Chicago and duly appointed police officers in the City of Chicago, acting within the course and scope of their employment and under color of law. Defendant Officers deny the remaining allegations in this paragraph and deny any wrongful or illegal conduct.

4

5.   All the events giving rise to the claims asserted herein occurred within this Judicial District.

**ANSWER:**   Defendant Officers admit that venue is proper.  Defendant Officers deny they committed the wrongful acts or omissions as alleged in the complaint.

**Facts**

6.   On July 4, 2007, the Plaintiff was arrested in Chicago, Illinois by police officers employed by the City of Chicago.  He was arrested by the Defendant Officers.

**ANSWER:**   Defendant Officers admit that on July 4, 2007, the plaintiff was arrested in Chicago, Illinois by police officers employed by the City of Chicago.  Defendant Officers further admit that plaintiff was taken into custody by Defendant Gonzalez and arrested by Defendants Gonzalez and Bolton.  Defendants Officers deny the remaining allegations contained in this paragraph.

7.   The Plaintiff posed no threat of danger to the Defendant Officers at any time before, during, or after his arrest. The Plaintiff did not resist or obstruct the Defendant Officers' acts at any time before, during, or after his arrest.

**ANSWER:**   Defendants Officers deny the allegations contained in this paragraph.

8.   At the time of his arrest, without warning or provocation, the Plaintiff was beaten by the Defendant Officers.

**ANSWER:**   Defendant Officers deny the allegations contained in this paragraph.

9.   The Plaintiff suffered bodily harm due to the manner in which he was treated by the Defendant Officers. In fact, the Plaintiff sustained injuries which have necessitated medical treatment due to the Defendant Officers' actions.

**ANSWER:**   Defendant Officers admit that Plaintiff was injured, but deny the remaining allegations contained in this paragraph.

10.     Immediately before he was beaten, the Plaintiff was not violating any laws, rules or ordinances.  As the Plaintiff was beaten, he was not violating any laws, rules or ordinances.  There was no probable cause or legal justification to use force to subdue the Plaintiff during his arrest.  There was no probable cause or legal justification to handle the Plaintiff in a manner that caused injuries to the Plaintiff.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

11.     On July 4, 2007, the Plaintiff was arrested by the Defendant Officers without a warrant, without provocation, and without legal justification.  There was no probable cause or legal justification to arrest the Plaintiff.  The Defendant Officers thereafter commenced criminal proceedings against the Plaintiff.  There was no probable cause or legal justification to commence criminal proceedings against the Plaintiff.  The criminal proceedings against the Plaintiff were subsequently dismissed in a manner indicative of innocence.

**ANSWER:**     Defendant Officers admit that on July 4, 2007, the Plaintiff was arrested by Defendants Gonzalez and Bolton without a warrant, and that Defendant Gonzalez signed criminal complaints against plaintiff.  Defendant Officers deny the remaining allegations contained in this paragraph.

12.     The Defendant Officers' acts were intentional, willful and wanton.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

**COUNT I- 42 U.S.C. §1983**
**Excessive Force- Chicago Police Officers**

13.     The Plaintiff realleges Paragraphs 1 through12, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 13.

**ANSWER:**     Defendant Officers hereby restate their answers to paragraphs 1-12, as their answer to paragraph 13, as if fully stated herein.

14.     As described above, the Defendant Officers used excessive force during the arrest of the Plaintiff.

**ANSWER:**     Defendant Officers deny the allegations contained in this paragraph.

15.    The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

16.    The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

**ANSWER:**    Defendant Officers deny the allegations contained in this paragraph.

17.    As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:**    Defendant Officers admit that plaintiff was injured, but deny the remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count I, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

### Count II- Illinois State Law
### Battery- All Defendants

18.    The Plaintiff realleges Paragraphs 1 through 17, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 18.

**ANSWER:**    Defendant Officers hereby restate their answers to paragraphs 1-12, as their answer to paragraph 18, as if fully stated herein.

19.    As described above, the Defendant Officers, employees of the City of Chicago, intended to cause, and did cause, harmful and offensive contact of the Plaintiff during the arrest of the Plaintiff.

**ANSWER:** Defendant Officers admit that they are employees of the City of Chicago, and that Plaintiff was arrested, but deny the remaining allegations contained in this paragraph.

20. The misconduct was undertaken by the Defendant Officers, under color of law, under the course and scope of their employment as City of Chicago Officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

**ANSWER:** Defendant Officers deny the allegations contained in this paragraph.

21. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER:** As this paragraph is not directed to Defendant Officers, they make no answer.

22. As a direct and proximate result of the act of the Defendant Officers, employees of the City of Chicago, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** Defendant Officers admit that plaintiff was injured, but deny the remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count II, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

### COUNT III - 42 U.S.C. §1983
### False Arrest- Chicago Police Officers

23. The Plaintiff realleges Paragraphs 1 through 22, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 23.

**ANSWER:** Defendant Officers hereby restate their answers to paragraphs 1-22, as their answer to paragraph 23, as if fully stated herein.

24. As described in the preceding paragraphs the conduct of the Defendant Officers, acting under color of law, constituted an unlawful arrest of the Plaintiff in violation of the United States Constitution.

**ANSWER:** Defendant Officers deny the allegations contained in this paragraph.

25. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

**ANSWER:** Defendant Officers deny the allegations contained in this paragraph.

26. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

**ANSWER:** Defendant Officers deny the allegations contained in this paragraph.

27. As a direct and proximate result of the Defendant Officers' acts the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** Defendant Officers deny the allegations contained in this paragraph.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count III, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

**Count IV - Illinois State Law**
**False Arrest/ False Imprisonment - All Defendants**

28. The Plaintiff realleges Paragraphs 1 through 27, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 28.

**ANSWER:** Defendant Officers hereby restate their answers to paragraphs 1-27, as their answer to paragraph 28, as if fully stated herein.

29. As described above, the Defendant Officers arrested the Plaintiff without a warrant, without probable cause and without legal justification. Due to the arrest, the Plaintiff had his liberty to move about restrained by the Defendants.

**ANSWER:**   Defendant Officers admit that Plaintiff was arrested without a warrant and that Plaintiff's liberty to move about was restrained. Defendant Officers deny the remaining allegations contained in this paragraph.

30. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

**ANSWER:**   Defendant Officers deny the allegations contained in this paragraph.

31. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER:**   As this paragraph is not directed to Defendant Officers, they make no answer.

32. As a direct and proximate result of the acts of the Defendant Officers, employees of the City of Chicago, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:**   Defendant Officers deny the allegations contained in this paragraph.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count IV, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

### Count V - Illinois State Law
### Malicious Prosecution - All Defendants

33. The Plaintiff realleges Paragraphs I through 32, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 33.

**ANSWER:**   Defendant Officers hereby restate their answers to paragraphs 1-32, as their answer to paragraph 33, as if fully stated herein.

34. As described above, the Defendant Officers arrested and commenced criminal proceedings against the Plaintiff without probable cause or legal justification. The criminal proceedings were instituted with malice, and were ultimately dismissed in a manner indicative of innocence.

**ANSWER:** Defendant Officers admit that officers Gonzalez and Bolton arrested plaintiff and that criminal proceedings were commenced against Plaintiff. Defendants further admit that the criminal proceedings were ultimately dismissed by Nolle Prosequi on July 25, 2007. Defendant Officers deny the remaining allegations contained in this paragraph.

35. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as police officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

**ANSWER:** Defendant Officers deny the allegations contained in this paragraph.

36. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER:** As this paragraph is not directed to Defendant Officers, they make no answer.

37. As a direct and proximate result of the acts of the Defendant Officers, employees of the City of Chicago, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** Defendant Officers deny the allegations contained in this paragraph.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count V, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

### Count VI - Illinois State Law
### Indemnification- City of Chicago

38. The Plaintiff realleges Paragraphs 1 through 37, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 38.

**ANSWER:**   Defendant Officers hereby restate their answers to paragraphs 1-37, as their answer to paragraph 38, as if fully stated herein.

39.   At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

**ANSWER:**   Defendant Officers admit the allegations contained in this paragraph.

40.   At all relevant times the City of Chicago was the employer of the Defendant Officers.

**ANSWER:**   Defendant Officers admit the allegations contained in this paragraph.

**WHEREFORE**, Defendant Officers respectfully request that judgment be entered in their favor and against Plaintiff on Count VI, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## **AFFIRMATIVE DEFENSES**

1.   Defendant Officers Robert Gonzalez, Brian Bolton, Kallat Mohammed, and LaMonica Lewis are government officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed his/her actions to be lawful, in light of clearly established law and information that Defendant possessed.  Therefore, Defendants are entitled to qualified immunity as to Plaintiff's federal claims.

2.   As to the state law claims, Defendants are not liable for Plaintiff's state law claims because there was probable cause for Plaintiff's arrest and Defendants did not act with any malice.  Under the Illinois Tort Immunity Act, a public employee is not liable for injury

caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of employment, unless he acts maliciously and without probable cause. Illinois Local Governmental Employees Tort Immunity Act, 745 ILCS 10/2-208.

3. As to the state law claims, Defendants are not liable for injuries arising out of the exercise of discretionary acts. Illinois Local Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

4. As to the state law claims, at all times relevant, Defendants were executing and enforcing the law. Plaintiff cannot establish willful and wanton misconduct on the part of Defendants, therefore Defendants are immune from suit. Illinois Local Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

5. As to the state law claims, where Defendants may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by the application of principles of comparative fault in proportion to the amount of the willful and wanton and intentional conduct of Plaintiff which was the proximate cause of these injuries.

6. To the extent Plaintiff failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate their claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

**JURY DEMAND**

Defendant Officers Robert Gonzalez, Brian Bolton, Kallat Mohammed, and LaMonica Lewis hereby demand a jury trial.

Dated: June 11, 2008

                                        Respectfully submitted,

                                        /s/ Gail L. Reich
                                        GAIL L. REICH
                                        Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-1975
(312) 744-6566 (Fax)
Atty. No. 06279564